UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIK S. BOWKER, | ) | CASE NO. 1:09 CV 228 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| LIEUTENANT KLECKNER, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

On February 2, 2009, pro se plaintiff filed this Bivens[1] action against USP Coleman Lieutenant Kleckner, Captain Williams, Lt. Bammann, Corrections Officer Thagodi, Warden Drew, Assist. Warden Bechtold, Asst. Warden Szazir, Staff Attorney Jeff Campbell, "all members of the S.I.S. Special Investigative Office, V. Soto, Lt. Noble, F. Darrow, Mr. Maraviglia, Mr. Richard, Lt. Rodriguez, K. Rogers, Bureau of Prisons ("BOP") Director Harley Lappin, and BOP Regional Director Holt. In the complaint, plaintiff alleges he was subjected to harsh conditions of confinement at the United States Penitentiary in Coleman, Florida. He seeks monetary damages and injunctive relief.

**Background**

Mr. Bowker's pleading is very disjointed and difficult to read. It appears that Mr.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

Bowker is alleging he had a telephone conference with United States District Judge John Adams, Attorney Gordon Friedman, and an Assistant United States Attorney on January 14, 2009. He indicates that later that same day, his legal materials and bedding were confiscated. At one point in the pleading he indicates he was assaulted by two lieutenants. When he describes the incident at another point in the complaint, he claims a large group of the defendants came to his cell but does not mention an assault. He states his property was taken to the S.I.S. office. He alleges he was forced to sleep on the cold steel bed for the night. Mr. Bowker also claims he was denied stamps, writing materials, and legal papers. He contends his mail was stolen by the defendants and he was unable to obtain materials needed to pursue legal actions. He was released from prison in 2009.

Mr. Bowker asserts his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights were violated. He seeks $ 10,000,000.00 in punitive damages, return of all materials taken from him during his incarceration, and an injunction against placing him in a cell without bedding.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against Bureau of Prisons ("BOP") Director Harley Lappin, and BOP Regional Director Holt are dismissed pursuant to section 1915(e), and the remainder of this action is transferred to the United States District Court for the Northern District of Florida.

Mr. Bowker specifies that he brings claims against Mr. Lappin and Mr. Holt in their official capacities. A suit against a public servant in his official capacity imposes liability on the public entity he represents. Brandon v. Holt, 469 U.S. 464, 471 (1985). In this case, Mr. Lappin and Mr. Holt are both employees of the United States. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. U.S. v. King, 395 U.S. 1,4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957). Even liberally construing the pleading, there is not a sufficient indication that the United States waived its sovereign immunity. See Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991)(stating that a Bivens claim cannot be asserted against the United States government or its employees in their official capacities). Mr. Lappin and Mr. Holt are dismissed from this action.

In addition, a review of the complaint indicates the specific events and omissions of which plaintiff complains occurred in Florida and all of the remaining defendants appear to reside in Florida. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial

3

district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As all of the remaining defendants reside in the State of Florida and most of the events giving rise to the claims in this action occurred in Florida, the United States Court for the Northern District of Ohio is not the proper venue to assert these claims.

## Conclusion

Accordingly, this action is transferred to the United States District Court for the Middle District of Florida. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: April 17, 2009        *s/        James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.